BURNS MANUFACTURING COMPANY, Appellant, *v.* CLINCHFIELD PRODUCTS · CORPORATION, Respondent.

First Department, November 7, 1919.

**Sales — contract to manufacture and sell and to deliver in monthly installments within one year — stipulation that deliveries begin on completion of plant as limiting absolute obligation to complete deliveries within one year — evidence — admissibility of commercial paper to establish market price.**

Under a contract to manufacture and sell a certain definite quantity of material providing that the shipments are to be made in approximate equal monthly quantities over the year, and that the first shipment is to be made on the completion and operation of the plant " which we expect will be in February, 1916," there is an absolute obligation to deliver the quantity specified within the year, and for a failure to do so, whether or not due diligence has been exercised in the completion of the plant, the defendant is liable.

The provision that the monthly shipments should not begin until the completion of the plant did not in any way affect the absolute obligation to deliver the full amount within the year.

In an action for a breach of contract for failure to deliver merchandise which has no fixed market value, a commercial paper which purports to give the sales and quotations of such merchandise may be introduced in evidence, if the preliminary proof establishes to the satisfaction of the court the reliability of the paper.

APPEAL by the plaintiff, Burns Manufacturing Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 19th day of December, 1918, setting aside the verdict of a jury in plaintiff's favor and granting a new trial.

*C. Parker Lattin* of counsel [*Charles H. Young* and *Albert Ritchie* with him on the brief], for the appellant.

*Herman Aaron* of counsel [*Hamilton M. Dawes* and *Charles Adkins Baker* with him on the brief; *Dawes, Abbott & Chester,* attorneys], for the respondent.

SMITH, J.:

This case was brought by plaintiff, a purchaser, against defendant, a seller, to recover damages for a breach of a contract of sale. The contract was, in fact, a contract to manufacture and sell to the plaintiff Precipitated Dry Powdered

Blanc Fixe, 1,000 barrels. It provides shipments to be made in approximately equal monthly quantities over the year The first shipment to be made on completion and operation of the plant "which we expect will be in February, 1916. The price is given at three cents per pound f. o. b. cars, Johnson City, Tenn. The conditions stated are, fires, strikes, accidents, or other contingencies beyond the control of either party. These, it was provided, were to absolve either party from obligation under the contract.

The first question arises upon the construction of the contract. The trial judge has construed the contract to mean that there should be no delivery required whatever under the contract until the mill should be completed and in operation and if the mill should not be completed and in operation, with the exercise of reasonable diligence, within the year, then the obligations of the contract were canceled. Plaintiff's claim, on the other hand, is that there is an absolute contract to deliver the 1,000 barrels within the year and inasmuch as the delivery was to be in equal monthly installments, that the provision for the first shipment to be made upon completion and operation of the plant "which we expect will be in February, 1916," is simply a provision as to the time within the year when the monthly shipments shall be begun. This contract was made in December, 1915, and the year would not expire until December, 1916. During the year the defendant delivered only a small part of the Blanc Fixe, and this action is brought to recover damages for failing to deliver the balance as provided in the contract.

We agree with the plaintiff in its contention that the contract imported an obligation to deliver the thousand barrels within the year, and, for failure to do so, whether or not due diligence had been exercised in the completion of the mill, the defendant is liable. We are of opinion, as claimed by the plaintiff, that the provision that the monthly payments should begin only upon the completion of the mill did not, in any way, affect the absolute obligation to deliver the full amount within the year.

The defendant seeks to sustain this order, however, also upon another ground, and that is that the plaintiff's damages were not properly proven. This article which was to be

manufactured is a new product used in coloring material, in paint and in films to a certain extent. It was not generally upon the market. It was practically impossible to prove what its market value was because for part of the time none of it could be purchased. There was, however, the *Oil, Paint and Drug Reporter*, which was a publication published in the city of New York, which purported to give the sales and quotations each day. Objection was made to the introduction of that paper on the ground that it was not shown that the reports were generally accurate. Proof was thereupon given upon both sides as to the reliability of this paper, and there was sufficient proof, I think, to authorize its receipt in evidence.

It follows that the order must be reversed, with costs, and the verdict reinstated.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with costs, and verdict reinstated and judgment ordered to be entered thereon, with costs.